# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DONTE ROYLES,<br>　　　Petitioner, | Case No. 1:10-cv-412 |
| | Bertelsman, J. |
| vs. | Litkovitz, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution (WCI) in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed November 15, 2010, which has not been opposed by petitioner. (Doc. 12).

## I. PROCEDURAL HISTORY

### State Trial and Appeal Proceedings

On January 9, 2006, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of murder in violation of Ohio Rev. Code § 2903.02(A). (Doc. 12, Ex. 1). The matter proceeded to trial before a jury, which found petitioner guilty as charged. (Doc. 12, Ex. 2). On January 2, 2007, petitioner was sentenced to a term of imprisonment of fifteen (15) years to life. (Doc. 12, Ex. 3).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

> 1. The trial court erred to Royles' prejudice by overruling his *Batson* challenge to the State's use of peremptory challenges to exclude minority members from the jury in violation of his equal protection and due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.
>
> 2. The trial court erred to the prejudice of Royles when it admitted into evidence gruesome photos of the deceased victim, as well as photos of victim when alive.

> 3. The trial court erred to Royles' prejudice when it imposed a sentence including post-release control which is contrary to law for his murder conviction.
>
> 4. The trial court erred to the prejudice of Royles by permitting the prosecution to ask repeated improper leading questions of witnesses and make an improper closing argument to the jury which deprived him of his right to a fair trial.
>
> 5. The trial court erred to the prejudice of [Royles] by not granting the Rule 29 motion as there was insufficient evidence to convict.
>
> 6. The trial court erred to the prejudice of [Royles] because the verdict was against the manifest weight of the evidence.

(Doc. 12, Exs. 5-6).

On March 19, 2008, the Ohio Court of Appeals sustained petitioner's third assignment of error challenging the imposition of post-release control, but overruled the remaining assignments of error. (Doc. 12, Ex. 8). In accordance with its rulings, the state appellate court vacated "the portion of [petitioner's] sentence imposing post-release control" and remanded the matter to the trial court "for correction of the sentencing entry;" the trial court's judgment was "affirmed in all other respects." (Doc. 12, Ex. 8, p. 6).[1]

With the assistance of his counsel, petitioner timely appealed to the Ohio Supreme Court, raising, in four propositions of law, the five claims of error that had been presented to and overruled by the Ohio Court of Appeals. (Doc. 12, Exs. 9-10). On September 10, 2008, the Ohio Supreme Court declined jurisdiction to hear the case. (Doc. 12, Ex. 12).

## Federal Habeas Corpus

The instant petition, which petitioner states "was placed in the prison mailing system on August 3, 2009," was filed nearly eleven months later, on June 23, 2010. (*See* Doc. 1, pp. 2, 16).

---

[1] It is noted that, in accordance with the state appellate court's remand order, the trial court issued a re-sentencing entry on May 9, 2008, to correct the previous sentence imposing post-release control. (Doc. 12, Ex. 4).

2

Petitioner alleges the following grounds for relief:

> **Ground One:** Due Process Denied on Basis of Insufficient Evidence and Manifest Weight of Evidence, Thereby Denying Petitioner a Fair Trial.
>
> **Ground Two:** Due Process denied due to *Batson* challenge.
>
> **Ground Three:** Due Process Violation/Denial of Fair Trial [when the trial court allowed into evidence gruesome photos of decedent].
>
> **Ground Four:** PROSECUTORIAL MISCONDUCT/THUS DENIAL OF DUE PROCESS AND OF FAIR TRIAL.

(Doc. 1, pp. 6-11).

In addition, petitioner has provided the following explanation regarding the significant delay in filing after he allegedly placed the petition in the prison mailing system for delivery to the Court in August 2009:

> As seen in attached Ex A and Ex B, I sent/mailed the original and two copies of this petition. This one is the copy I kept for myself. All copies with original were sent to the Warren Correctional Cashier office on 8/3/09 along w/ IFP Application so that they could complete that form because they don't let prisoners send financial statements, so the original and copies w/ IFP Application were in prison mailbox on 8/3/09 and I don't know what the Cashier's office did after that. When I wrote the Clerk's office, they sent me Ex A after they got Ex B attached, so it's not my fault.

(Doc. 1, pp. 14-15). The attached Exhibits A and B consist of (1) a copy of a letter dated April 20, 2010 from petitioner to the Clerk of this Court inquiring about the status of his federal habeas corpus petition, which he stated was placed in the "prison mailbox" on August 3, 2009; and (2) a letter dated April 22, 2010 from the Clerk of Court responding to petitioner's inquiry and informing him that "[t]he Court's records do not reflect a habeas corpus case or any case filed by you in the Southern District of Ohio." (Doc. 1, Exs. A-B).

Respondent has filed a motion to dismiss the petition. (Doc. 12). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year

3

statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 12, pp. 4-9). Respondent argues that petitioner's "August 3, 2009, mailing date simply is not credible," and has submitted the Declaration of Venus Lanman, a Cashier at WCI, in support of that contention. (Doc. 12, pp. 5-8 & Ex. 16). Petitioner has not responded to respondent's motion to dismiss.

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 12) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's four grounds for habeas relief are based on errors allegedly occurring at trial, which were discoverable and, indeed, known to petitioner to the extent he raised

them as claims of error on direct appeal in the state courts. (*See* Doc. 1, pp. 6-11; Doc. 12, Exs. 6, 10). Therefore, it appears that petitioner's claims are governed by the one-year limitations provision set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became final by the conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on December 9, 2008, when the ninety-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's September 10, 2008 entry declining jurisdiction to hear petitioner's appeal.[2] (*See* Doc. 12, Ex. 12). The statute of limitations commenced running on December 10, 2008, one day after petitioner's conviction became final. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Statutory tolling principles do not apply to toll the limitations period in this case because petitioner did not seek post-conviction relief or other collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). Therefore, absent the application of equitable tolling principles, petitioner was required to file his habeas corpus petition before the limitations period expired on December 10, 2009, in order to survive the statute-of-limitations bar.

Petitioner essentially alleges that his petition was "filed" within the one-year limitations period ending December 10, 2009, or that he is at least entitled to equitable tolling of the limitations period, because he timely submitted the petition and an *in forma pauperis* application to the prison

---

[2]*See Keenan v. Bagley,* 400 F.3d 417, 420 (6th Cir. 2005) (holding that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) began to run on "the date the United States Supreme Court denied certiorari and [the habeas petitioner's] conviction became 'final' under the statute"); *cf. Beard v. Banks,* 542 U.S. 406, 411 (2004) (for purposes of retroactivity analysis, state convictions are final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"); *see also Gray v. Netherland,* 518 U.S. 152, 180 (1996).

cashier to complete and mail to the Court on August 3, 2009. (*See* Doc. 1, pp. 14-15). As petitioner apparently understood, the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Therefore, it is petitioner's position that, although he later discovered the petition he had submitted to prison officials in August 2009 was never sent to the Court, the petition that he resubmitted after learning of the error in April 2010 should be deemed filed as of August 3, 2009.[3]

In the motion to dismiss, respondent contends that petitioner fabricated the story about a "August 3, 2009, mailing date" as a way to circumvent the statute-of-limitations bar to review. Respondent argues that petitioner's version of events is belied by the fact that although petitioner claims he submitted a petition with an *in forma pauperis* application to WCI's Cashier for completion and delivery to the Court in August 2009, he never requested *in forma pauperis* status and in fact paid the $5.00 filing fee in response to a Deficiency Order issued on June 29, 2010 to initiate the instant action in June 2010. (Doc. 12, p. 7; *see also* Docs. 1-4 & July 9, 2010 docket entry). According to respondent, if petitioner "believed he was entitled to proceed *in forma pauperis* in August [2009], surely he would at least attempt the same in June [2010]," and in any event, had offered "no explanation as to why he purportedly followed a completely different protocol . . . the second time around." (Doc. 12, p. 7).

Moreover, respondent has submitted the Declaration of Venus Lanman, a Cashier at WCI

---

[3]It is noted that petitioner did not date the petition that was ultimately filed in June 2010. Therefore, as respondent noted in the motion to dismiss (Doc. 12, p. 7 n.2), "it is not possible to determine" when petitioner provided the filed petition to prison authorities for mailing to the Court.

6

who handles "inmate requests for certified account statements . . . to submit to courts with *in forma pauperis* applications," as support for the argument that, contrary to petitioner's allegations, petitioner *never* submitted a habeas corpus petition and *in forma pauperis* application to the prison cashier to complete and mail to the Court. (Doc. 12, Ex. 16). Specifically, in the affidavit, Lanman states:

> The procedure for an inmate seeking to file an original action *in forma pauperis* is as follows: the inmate must complete their petition or complaint; complete an *in forma pauperis* financial application, including a request for a certified account statement; place all documents to be filed in an envelope addressed to the clerk of courts; and send that envelope to the cashier's office.
>
> Upon receiving these materials, I prepare a certified copy of the inmate's demand–or account–statement for the previous six month period. I then make a copy of the certified demand statement for the Cashier's office records; mail all materials received from the inmate, along with the original demand statement, in the inmate's previously addressed envelope; and record on the copy of the demand statement the date the packet is mailed.
>
> The copy of the certified demand statement indicating the day it was mailed is placed in the inmate's file in the Cashier's office. Accordingly, I have a record of each inmate's request for certified demand statements received by the Cashier and each certified demand statements mailed out by the Cashier. These records are kept in the ordinary course of business.
>
> I do not have a copy of a certified demand statement prepared for Donte Royles, Inmate Number 538-958, in August of 2009 or any other time.
>
> I do not have a record of a certified demand statement mailed out for Donte Royles, Inmate Number 538-958, in August of 2009 or any other time.
>
> I have no record of a kite, or written communication, from Inmate Royles inquiring into the status of a request for a certified demand statement or alleging an unfulfilled request for a certified demand statement.

(Doc. 12, Ex. 16).

Petitioner has not filed any pleading or submitted any evidence responding to respondent's arguments, or more specifically, countering the strong evidence contained in the affidavit of WCI's

7

Cashier supporting respondent's position that petitioner did not submit a habeas corpus petition to prison authorities for mailing to the Court in August 2009, and in fact invented the "story" as a way to get around the statute-of-limitations bar, not only by providing a fabricated date on the petition, but also by engaging in correspondence with the Clerk of this Court in April 2010 to attach as supporting evidence.

The undersigned is persuaded by respondent's arguments and supporting evidence that petitioner did not submit his habeas corpus petition to prison authorities for mailing to the Court in August 2009, or any other time within the one-year limitations period ending December 10, 2009. As respondent has argued in support of the motion to dismiss, petitioner's version of events is highly suspect not only because the prison cashier's office "has no record of [his] ever requesting an inmate demand statement," but also because petitioner never contacted or lodged any complaint with that office "about the petition he claims they failed to process." (Doc. 12, p. 6). In addition, petitioner took no action to inquire about the status of his purported submission until April 20, 2010, *after* the statute of limitations had expired and over eight months after the petition and accompanying *in forma pauperis* application should have been completed and filed with the Court. (*See* Doc. 12, pp. 6-7). Finally, although petitioner claims he retained a copy of his original August 3, 2009 petition, and that he was resubmitting it for filing in June 2010, he has not provided any explanation as to why he waited approximately two months after receiving the Clerk of Court's April 22, 2010 letter to initiate the instant proceeding by filing the pleading that was already "completed and in his possession." (Doc. 12, p. 7).

Accordingly, the undersigned concludes that the instant petition was not submitted to prison authorities for mailing to the Court in May 2009 as petitioner has claimed. Instead, as respondent

8

has demonstrated, it appears that petitioner first submitted the instant petition for filing in June 2010, months after the one-year statute of limitations expired in December 2009.

To the extent petitioner alleges that he remains entitled to equitable tolling of the limitations period, the Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood v. Prelesnik,* 579 F.3d 581, 588 (6th Cir. 2009); *Dunlap v. United States,* 250 F.3d 1001, 1003, 1008 (6th Cir. 2001) (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996.

Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that under the applicable one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on December 10, 2008, one day after petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review, and expired one year later on December 10, 2009.  Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case.  Therefore, respondent's motion to dismiss (Doc. 12) should be **GRANTED**, and the instant habeas corpus petition filed in June 2010 (Doc. 1) should be **DISMISSED** with prejudice because it is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 12) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2.  A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

      3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  4/25/2011                                     s/Karen L. Litkovitz
      cbc                                                       Karen L. Litkovitz
                                                                     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DONTE ROYLES,<br>    Petitioner, | Case No. 1:10-cv-412 |
| vs | Bertelsman, J.<br>Litkovitz, M.J. |
| WARDEN, WARREN CORRECTIONAL<br>INSTITUTION,<br>    Respondent. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).